## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

### Case No. 14-61810-CIV-Dimitrouleas/Snow

DOUGLAS GOLLIN and LYNN GOLLIN,

        Plaintiffs,

vs.

ELI LILLY AND COMPANY, an Indiana
corporation,

        Defendant.

**ANSWER TO PLAINTIFFS'
COMPLAINT
DEMAND FOR JURY TRIAL**

**Defendant Eli Lilly and Company ("Lilly"), by and through its undersigned
attorney, hereby files its Answer and Defenses to Plaintiffs' Complaint.**

### INTRODUCTION

1.      Lilly admits that it manufactures, markets, and sells Cymbalta®, for use only
upon a prescription by a licensed physician, in accordance with applicable laws and regulations,
and for its approved indications with FDA-approved warnings, precautions and other labeled
risks and benefits of the medications.  Lilly lacks knowledge or information sufficient to form a
belief as to the truth or accuracy of the remaining allegations in Paragraph 1 and therefore denies
the same.

### PARTIES, JURISDICTION, AND VENUE

2.      Lilly lacks knowledge or information sufficient to form a belief as to the truth or
accuracy of the allegations in Paragraph 2 and therefore denies the same.

3.      Lilly admits that it is an Indiana corporation with its principal place of business in
Indianapolis, Indiana.   Lilly also admits that it is engaged in the business of research,
development, testing, manufacturing, producing, promoting, distributing, marketing, and selling

1

217429 v1

prescription medications, including but not limited to Cymbalta®.  Lilly denies the remaining allegations in Paragraph 3.

4.      Lilly admits that it is authorized to conduct business and does conduct business in Florida.  Lilly denies the remaining allegations on the basis that they purport to allege conclusions of law and thus do not require a response.

5.      Paragraph 5 of the Complaint purports to allege conclusions of law and thus does not require a response and on that basis Lilly denies the allegations.

6.      Lilly admits that this Court has subject matter jurisdiction in the form of diversity jurisdiction.

7.      Paragraph 7 purports to allege conclusions of law and thus does not require a response and on that basis Lilly denies the allegations.

## FACTUAL ALLEGATIONS

8.      Paragraph 8 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations.

9.      Lilly admits that it researched, tested, developed, manufactured, labeled, marketed and sold Prozac®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication.  Lilly admits that Prozac® is in the class of prescription medications known as selective serotonin reuptake inhibitors ("SSRIs"), but denies the relevance of the information.  Lilly admits that the United States Food and Drug Administration ("FDA") approved Prozac® in 1987 as a safe and effective medication for the treatment of Major Depressive Disorder ("MDD").  Lilly admits that Prozac®'s patent expired in August 2001.  Allegations pertaining to SSRIs as a class of antidepressants are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 9.

10.      Lilly admits that Cymbalta® is a serotonin norepinephrine reuptake inhibitor ("SNRI").  Allegations pertaining to statements made about SNRIs are vague and ambiguous as

2

to time, content, and context and on that basis, Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 10.

11.     Lilly denies the allegations in Paragraph 11.

12.     Lilly admits that the FDA approved Cymbalta® in 2004 for the treatment of Major Depressive Disorder ("MDD").  Lilly further admits that the FDA approved Cymbalta® for the treatment of Generalized Anxiety Disorder ("GAD") in 2007 and fibromyalgia in 2008. Lilly denies the remaining factual allegations in Paragraph 12.

13.     Lilly admits that the FDA approved Cymbalta® in 2004.  Lilly also admits that it researched, tested, developed, manufactured, labeled, marketed, and sold Cymbalta®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication.  Lilly further admits that it promoted Cymbalta® to prescribers through its sales representatives.  The allegations pertaining to the promotion of Cymbalta® utilizing Lilly sales representatives are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 13.

14.     Lilly denies the allegations in Paragraph 14.

15.     Lilly admits that the Cymbalta® label has included a warning on discontinuation symptoms since Cymbalta® was approved by the FDA in 2004.  Lilly admits that the Cymbalta® label contains the following "WARNINGS AND PRECAUTIONS" section regarding "Discontinuation of Treatment with Cymbalta®":

> Discontinuation symptoms have been systematically evaluated in patients taking duloxetine.  Following abrupt or tapered discontinuation in placebo-controlled clinical trials, the following symptoms occurred at 1% or greater and at a significantly higher rate in duloxetine-treated patients compared to those discontinuing from placebo: dizziness, headache, nausea, diarrhea, paresthesia, irritability, vomiting, insomnia, anxiety, hyperhidrosis, and fatigue. During marketing of other SSRIs and SNRIs (serotonin and norepinephrine reuptake inhibitors), there have been spontaneous reports of adverse events occurring upon discontinuation of these drugs, particularly when abrupt, including the following: dysphoric mood, irritability, agitation, dizziness, sensory disturbances (e.g.,

3

paresthesias such as electric shock sensations), anxiety, confusion, headache, lethargy, emotional lability, insomnia, hypomania, tinnitus, and seizures.  Although these events are generally self-limiting, some have been reported to be severe.

Patients should be monitored for these symptoms when discontinuing treatment with Cymbalta®.  A gradual reduction in the dose rather than abrupt cessation is recommended whenever possible.  If intolerable symptoms occur following a decrease in the dose or upon discontinuation of treatment, then resuming the previously prescribed dose may be considered.  Subsequently, the physician may continue decreasing the dose but at a more gradual rate . . . .

Paragraph 15 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the remaining allegations.

16.   Lilly denies the allegations in Paragraph 16.

17.   The article cited speaks for itself, and Lilly denies any inaccurate characterization or interpretation of the article to which Plaintiffs refer in Paragraph 17 of the Complaint when read in context and in its entirety.  Lilly denies the remaining allegations in Paragraph 17.

18.   Paragraph 18 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 18.

19.   Lilly denies the allegations in Paragraph 19.

20.   Lilly denies the allegations in Paragraph 20.

21.   Lilly denies the allegations in Paragraph 21.

22.   Lilly admits that the marketing campaign for Cymbalta included the statement "Depression hurts.  Cymbalta can help."  Lilly denies the remaining characterization of Lilly's advertising and marketing campaign, objects to the statements being taken out of context, and denies the allegations on the basis that they are vague and ambiguous as to time, content, and context.  The 2008 article cited is vague and ambiguous and no title is referenced and on that basis, Lilly denies the allegation.  Lilly denies the remaining allegations in Paragraph 22.

4

23.     The article cited speaks for itself, and Lilly denies any inaccurate characterization of interpretation of the article to which Plaintiffs refer in Paragraph 23 of the Complaint when read in context and in its entirety.  Lilly denies the remaining allegations in Paragraph 23.

24.     The allegations pertaining to the sales and profitability of Cymbalta are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 24 as characterized by Plaintiffs.

25.     Paragraph 25 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly further denies it had a duty to warn consumers directly of alleged risks associated with the use of Cymbalta.  Lilly denies any remaining allegations in Paragraph 25.

26.     The article cited speaks for itself, and Lilly denies any inaccurate characterization or interpretation of the article to which Plaintiffs refer in Paragraph 26 of the Complaint when read in context and in its entirety.

27.     The article cited speaks for itself, and Lilly denies any inaccurate characterization or interpretation of the article to which Plaintiffs refer in Paragraph 27 of the Complaint when read in context and in its entirety.  Lilly denies the remaining allegations in Paragraph 27.

28.     The article cited speaks for itself, and Lilly denies any inaccurate characterization or interpretation of the article to which Plaintiffs refer in Paragraph 28 of the Complaint when read in context and in its entirety.  Lilly denies the remaining allegations in Paragraph 28.

29.     The article cited speaks for itself, and Lilly denies any inaccurate characterization or interpretation of the article to which Plaintiffs refer in Paragraph 29 of the Complaint when read in context and in its entirety.  Lilly denies the remaining allegations in Paragraph 29.

30.     The article cited speaks for itself, and Lilly denies any inaccurate characterization or interpretation of the article to which Plaintiffs refer in Paragraph 30 of the Complaint when read in context and in its entirety.  Lilly denies the remaining allegations in Paragraph 30.

31.     Lilly denies the allegations in Paragraph 31.

32.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 32 and therefore denies the same.

33.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 33 and therefore denies the same.

34.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 34 and therefore denies the same.

35.     Lilly denies the allegations in Paragraph 35.

36.     Lilly denies the allegations in Paragraph 36.

37.     Lilly denies the allegations in Paragraph 37.

38.     Paragraph 38 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 38 relating to Plaintiff's use of Cymbalta and therefore denies the same.

39.     Lilly denies the allegations in Paragraph 39.

40.     Paragraph 40 (a) - (f) purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations relating to Plaintiffs' alleged injuries and therefore denies the same.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

41.     Lilly reincorporates and realleges its Responses to Paragraphs 1-40 of Plaintiffs' Complaint as if fully set forth herein.

42.     Paragraph 42 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly further denies it had a duty to warn consumers directly of alleged risks associated with the use of Cymbalta.

43.     Paragraph 43 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations in Paragraph 43.

44.     Paragraph 44 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly further denies the remaining factual allegations in Paragraph 44.

45.     Lilly denies the allegations in Paragraph 45.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 45 relating to Plaintiff's alleged injuries and therefore denies the same.

46.     Paragraph 46 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 46 relating to Plaintiff's alleged injuries and therefore denies the same.

47.     Lilly denies the allegations in Paragraph 47, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 47.  Lilly denies that Plaintiffs are entitled to any such relief.

## SECOND CAUSE OF ACTION

## STRICT PRODUCT LIABILITY – DESIGN DEFECT

48.     Lilly reincorporates and realleges its Responses to Paragraphs 1-48 of Plaintiffs' Complaint as if fully set forth herein.

49.     Lilly admits that it has sold Cymbalta in the State of Florida.  Paragraph 49 is vague and ambiguous as to time and on that basis, Lilly denies the remaining allegations.

50.     Lilly admits that it researched, tested, developed, manufactured, labeled, marketed, promoted, and sold Cymbalta, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the

7

medication.  Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 50 and therefore denies the same.

51.     Lilly denies the allegations in Paragraph 51.

52.     Lilly admits that it researched, tested, developed, manufactured, labeled, marketed, promoted, and sold Cymbalta, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication.  The remaining allegations pertaining to Lilly's "product" are vague and ambiguous as to time, content, and context, and on that basis, Lilly denies the allegations.  Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and legal conclusions in Paragraph 52  relating to Plaintiff's alleged injuries from Cymbalta and therefore denies the same.  Lilly denies the remaining allegations in Paragraph 52.

53.     Lilly denies the allegations in Paragraph 53.

54.     Lilly denies the allegations in Paragraph 54.

55.     Lilly denies the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 are vague and ambiguous as to time, content, and context, and on that basis, Lilly denies the allegations.

57.     Paragraph 57 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, the allegations in Paragraph 57 are vague and ambiguous as to time, content, and context, and on that basis, Lilly denies the allegations.

58.     Paragraph 58 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 58 relating to Plaintiff's alleged injuries and therefore denies the same.

59.     Lilly denies the allegations in Paragraph 59, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 59.  Lilly denies that Plaintiffs are entitled to any such relief.

## THIRD CAUSE OF ACTION

## STRICT PRODUCT LIABILITY – FAILURE TO WARN

60.     Lilly reincorporates and realleges its Responses to Paragraphs 1-59 of Plaintiffs' Complaint as if fully set forth herein.

61.     Lilly admits that it researched, tested, developed, manufactured, labeled, distributed, marketed, promoted, and sold Cymbalta®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication.  Lilly further admits that it has utilized direct-to-consumer advertising for Cymbalta®, in conformity with applicable rules and regulations.  Lilly objects to the term "persons responsible for consumers" as vague and ambiguous and on that basis denies the allegation.  Paragraph 61 further purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 61.

62.     Paragraph 62 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

63.     Plaintiffs' allegation pertaining to "exclusive control" is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegation.  Lilly denies the remaining allegations in Paragraph 63.

64.     Lilly denies the allegations in Paragraph 64.

65.     Paragraph 65 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 65.

66.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 66 relating to Plaintiff's alleged use of Cymbalta® and therefore denies the same.

67.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations relating to Plaintiff or Plaintiff's physician's ability to discover any alleged "defect in the drug" and therefore denies the same.   Lilly denies any remaining allegations in Paragraph 67.

68.     Lilly admits that it is engaged in the business of researching, developing, testing, manufacturing, promoting, distributing, marketing, and selling prescription medications, including but not limited to Cymbalta®.   Paragraph 68 purports to allege conclusions of law that do not require a response and on that basis, Lilly denies the allegations.   Lilly denies the remaining factual allegations in Paragraph 68.

69.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 69 relating to Plaintiff's knowledge and therefore denies the same.  Lilly denies the remaining allegations in Paragraph 69.

70.     Paragraph 70 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations in Paragraph 70.

71.     Lilly denies the allegations in Paragraph 71.

72.     Lilly denies the allegations in Paragraph 72.

73.     Paragraph 73 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 73 relating to Plaintiff's alleged injuries and therefore denies the same.

74.     Lilly denies the allegations in Paragraph 74, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 74.  Lilly denies that Plaintiffs are entitled to any such relief.

10

## FOURTH CAUSE OF ACTION

## STRICT PRODUCT LIABILITY

75.     Lilly reincorporates and realleges its Responses to Paragraphs 1-74 of Plaintiffs'
Complaint as if fully set forth herein.

76.     Paragraph 76 purports to allege conclusions of law that do not require a response
and on that basis Lilly denies the allegations.

77.     Lilly admits that it researched, tested, developed, manufactured, labeled,
marketed, promoted, and sold Cymbalta, for use only upon a prescription by a licensed
physician, in accordance with applicable laws and regulations, and for its approved indications
with FDA-approved warnings, precautions, and other labeled risks and benefits of the
medication.  Lilly lacks knowledge or information sufficient to form a belief as to the truth or
accuracy of the remaining allegations in Paragraph 77 and therefore denies the same.

78.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or
accuracy of the allegations in Paragraph 78 and therefore denies the same.

79.     Lilly denies the allegations in Paragraph 79.

80.     Lilly denies the allegations in Paragraph 80.

81.     Lilly denies the allegations in Paragraph 81.

82.     Lilly denies the allegations in Paragraph 82.

83.     Lilly denies the allegations in Paragraph 83.

84.     Lilly denies the allegations in Paragraph 84 concerning any alleged defect in
Cymbalta's design and lacks knowledge or information sufficient to form a belief as to the truth
or accuracy of the allegations in Paragraph 84 concerning Plaintiff's state of mind.

85.     Lilly denies the allegations in Paragraph 85.

86.     Paragraph 86 purports to allege conclusions of law that do not require a response
and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information
sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 86 relating to
Plaintiff's alleged injuries and therefore denies the same.

87.     Lilly denies the allegations in Paragraph 87, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 87.  Lilly denies that Plaintiffs are entitled to any such relief.

### FIFTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

88.     Lilly reincorporates and realleges its Responses to Paragraphs 1-87 of Plaintiffs' Complaint as if fully set forth herein.

89.     Paragraph 89 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

90.     Lilly denies the allegations in Paragraph 90.

91.     Lilly denies the allegations in Paragraph 91.

92.     Paragraph 92 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations.

93.     Lilly denies the allegations in Paragraph 93.

94.     Lilly denies the allegations in Paragraph 94.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 94 relating to Plaintiff and/or her physicians' alleged actions, knowledge, beliefs, and injuries and therefore denies the same.

95.     Paragraph 95 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 95 and therefore denies the same.

96.     Paragraph 96 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 96 relating to Plaintiff's alleged injuries and therefore denies the same.

97.     Lilly denies the allegations in Paragraph 97, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 97.  Lilly denies that Plaintiffs are entitled to any such relief.

## SIXTH CAUSE OF ACTION

## FRAUD

98.     Lilly reincorporates and realleges its Responses to Paragraphs 1-97 of Plaintiffs' Complaint as if fully set forth herein.

99.     Lilly denies the factual allegations in Paragraph 99.  To the extent the Paragraph 99 purports to allege conclusions of law that do not require a response, Lilly further denies those allegations.

100.    Lilly denies the factual allegations in Paragraph 100.  To the extent the Paragraph 100 purports to allege conclusions of law that do not require a response, Lilly further denies those allegations.

101.    Lilly denies the factual allegations in Paragraph 101.  To the extent the Paragraph 101 purports to allege conclusions of law that do not require a response, Lilly further denies those allegations.

102.    Lilly denies the factual allegations in Paragraph 102.  To the extent the Paragraph 102 purports to allege conclusions of law that do not require a response, Lilly further denies those allegations.

103.    Lilly denies the factual allegations in Paragraph 103.  To the extent the Paragraph 103 purports to allege conclusions of law that do not require a response, Lilly further denies those allegations.

104.    Paragraph 104 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 104 and therefore denies the same.

105.    Paragraph 105 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 105 relating to Plaintiff's alleged injuries and therefore denies the same.

106.    Lilly denies the allegations in Paragraph 106, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 106.  Lilly denies that Plaintiffs are entitled to any such relief.

## SEVENTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

107.    Lilly reincorporates and realleges its Responses to Paragraphs 1-106 of Plaintiffs' Complaint as if fully set forth herein.

108.    Paragraph 108 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 108 relating to Plaintiff's alleged injuries or Plaintiff's alleged "use and discontinuation" of Cymbalta® and therefore denies the same.

109.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 109 and therefore denies the same.

110.    Paragraph 110 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations.

111.    Paragraph 111 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 111 relating to Plaintiff's injuries and therefore denies the same.

112.    Paragraph 112 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information

sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 112 relating to Plaintiff's alleged injuries and therefore denies the same.

113.    Lilly denies the allegations in Paragraph 113, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 113.  Lilly denies that Plaintiffs are entitled to any such relief.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF DECEPTIVE AND UNFAIR TRADE PRACTICES ACT,**

**F.S. §501.201 ET SEQ.**

114.    Lilly reincorporates and realleges its Responses to Paragraphs 1-113 of Plaintiffs' Complaint as if fully set forth herein.

115.    Paragraph 115 states legal conclusions to which no response is required.  To the extent a response may be deemed necessary, Lilly denies the allegations in Paragraph 115, except that Lilly admits only that Paragraph 115 purports to paraphrase and characterize Florida's Deceptive and Unfair Trade Practices Act, which speaks for itself.

116.    Lilly denies the allegations in Paragraph 116.

117.    Lilly denies the allegations in Paragraph 117.

118.    Paragraph 118 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations.

119.    Paragraph 119 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 119 relating to Plaintiff's alleged injuries.

120.    Lilly denies the allegations in Paragraph 120, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 120.  Lilly denies that Plaintiffs are entitled to any such relief.

217429 v1

## NINTH CAUSE OF ACTION

## LOSS OF CONSORTIUM

121.    Lilly reincorporates and realleges its Responses to Paragraphs 1-120 of Plaintiffs' Complaint as if fully set forth herein.

122.    Lilly lacks the knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 122 and therefore denies the same.

123.    Paragraph 123 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 123 relating to Plaintiffs' alleged injuries and therefore denies the same.

124.    Lilly denies the allegations in Paragraph 124 except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 124.  Lilly denies that Plaintiffs are entitled to any such relief.

## PRAYER FOR RELIEF

125.    Lilly reincorporates and realleges its Responses to Paragraphs 1-124 of Plaintiffs' Complaint as if fully set forth herein.

126.    Lilly denies the allegations in this section of Plaintiffs' Complaint, except that Lilly admits only that Plaintiffs seek the relief set forth in this section.  Lilly denies that Plaintiffs are entitled to any relief whatsoever.

### AS TO THE FIRST CAUSE OF ACTION FOR NEGLIGENCE:

127.    Lilly denies that Plaintiffs are entitled to any such relief.

128.    Lilly denies that Plaintiffs are entitled to any such relief.

129.    Lilly denies that Plaintiffs are entitled to any such relief.

130.    Lilly denies that Plaintiffs are entitled to any such relief.

131.    Lilly denies that Plaintiffs are entitled to any such relief.

132.    Lilly denies that Plaintiffs are entitled to any such relief.

133.    Lilly denies that Plaintiffs are entitled to any such relief.

## AS TO THE SECOND CAUSE OF ACTION FOR STRICT PRODUCT LIABILITY –
## DESIGN DEFECT:

134.    Lilly denies that Plaintiffs are entitled to any such relief.

135.    Lilly denies that Plaintiffs are entitled to any such relief.

136.    Lilly denies that Plaintiffs are entitled to any such relief.

137.    Lilly denies that Plaintiffs are entitled to any such relief.

138.    Lilly denies that Plaintiffs are entitled to any such relief.

139.    Lilly denies that Plaintiffs are entitled to any such relief.

140.    Lilly denies that Plaintiffs are entitled to any such relief.

## AS TO THE THIRD CAUSE OF ACTION FOR STRICT PRODUCT LIABILITY –
## FAILURE TO WARN:

141.    Lilly denies that Plaintiffs are entitled to any such relief.

142.    Lilly denies that Plaintiffs are entitled to any such relief.

143.    Lilly denies that Plaintiffs are entitled to any such relief.

144.    Lilly denies that Plaintiffs are entitled to any such relief.

145.    Lilly denies that Plaintiffs are entitled to any such relief.

146.    Lilly denies that Plaintiffs are entitled to any such relief.

147.    Lilly denies that Plaintiffs are entitled to any such relief.

## AS TO THE FOURTH CAUSE OF ACTION FOR STRICT LIABILITY:

148.    Lilly denies that Plaintiffs are entitled to any such relief.

149.    Lilly denies that Plaintiffs are entitled to any such relief.

150.    Lilly denies that Plaintiffs are entitled to any such relief.

151.    Lilly denies that Plaintiffs are entitled to any such relief.

152.    Lilly denies that Plaintiffs are entitled to any such relief.

153.    Lilly denies that Plaintiffs are entitled to any such relief.

154.    Lilly denies that Plaintiffs are entitled to any such relief.

155.    Lilly denies that Plaintiffs are entitled to any such relief.

217429 v1

**AS TO THE FIFTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION:**

156.   Lilly denies that Plaintiffs are entitled to any such relief.

157.   Lilly denies that Plaintiffs are entitled to any such relief.

158.   Lilly denies that Plaintiffs are entitled to any such relief.

159.   Lilly denies that Plaintiffs are entitled to any such relief.

160.   Lilly denies that Plaintiffs are entitled to any such relief.

161.   Lilly denies that Plaintiffs are entitled to any such relief.

162.   Lilly denies that Plaintiffs are entitled to any such relief.

163.   Lilly denies that Plaintiffs are entitled to any such relief.

**AS TO THE SIXTH CAUSE OF ACTION FOR FRAUD:**

164.   Lilly denies that Plaintiffs are entitled to any such relief.

165.   Lilly denies that Plaintiffs are entitled to any such relief.

166.   Lilly denies that Plaintiffs are entitled to any such relief.

167.   Lilly denies that Plaintiffs are entitled to any such relief.

168.   Lilly denies that Plaintiffs are entitled to any such relief.

169.   Lilly denies that Plaintiffs are entitled to any such relief.

170.   Lilly denies that Plaintiffs are entitled to any such relief.

171.   Lilly denies that Plaintiffs are entitled to any such relief.

**AS TO THE SEVENTH CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTY:**

172.   Lilly denies that Plaintiffs are entitled to any such relief.

173.   Lilly denies that Plaintiffs are entitled to any such relief.

174.   Lilly denies that Plaintiffs are entitled to any such relief.

175.   Lilly denies that Plaintiffs are entitled to any such relief.

176.   Lilly denies that Plaintiffs are entitled to any such relief.

177.   Lilly denies that Plaintiffs are entitled to any such relief.

178.   Lilly denies that Plaintiffs are entitled to any such relief.

217429 v1

**AS TO THE EIGHTH CAUSE OF ACTION FOR VIOLATION OF DECEPTIVE AND**

**UNFAIR TRADE PRACTICES ACT, F.S. §501.201 et seq.**

179.   Lilly denies that Plaintiffs are entitled to any such relief.

180.   Lilly denies that Plaintiffs are entitled to any such relief.

181.   Lilly denies that Plaintiffs are entitled to any such relief.

182.   Lilly denies that Plaintiffs are entitled to any such relief.

183.   Lilly denies that Plaintiffs are entitled to any such relief.

**AS TO THE NINTH CAUSE OF ACTION FOR LOSS OF CONSORTIUM**

184.   Lilly denies that Plaintiffs are entitled to any such relief.

185.   Lilly denies that Plaintiffs are entitled to any such relief.

186.   Lilly denies that Plaintiffs are entitled to any such relief.

187.   Lilly denies that Plaintiffs are entitled to any such relief.

188.   Lilly denies that Plaintiffs are entitled to any such relief.

189.   Lilly denies that Plaintiffs are entitled to any such relief.

190.   Lilly denies that Plaintiffs are entitled to any such relief.

191.   Lilly denies each and every allegation in Plaintiffs' Complaint not specifically admitted herein.

**DEMAND FOR JURY TRIAL**

This section of Plaintiffs' Complaint does not assert any allegation requiring a response. To the extent a response is deemed necessary, Lilly admits that Plaintiffs request a trial by jury.

**GENERAL DENIAL AND DEFENSES**

Discovery and investigation may reveal that any one or more of the following defenses should be available to Lilly in this matter.  Lilly, therefore, asserts said defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Lilly may withdraw any of these defenses as may be appropriate.  Further, Lilly reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims

217429 v1

and defenses as discovery proceeds.  Further answering and by way of additional defense, Lilly states the following:

## FIRST DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## FOURTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening or superseding cause or causes.

## FIFTH DEFENSE

To the extent that Plaintiffs assert claims based upon an alleged failure by Lilly to warn Plaintiff directly of alleged dangers associated with the use of Cymbalta®, such claims are barred under the learned intermediary doctrine because Lilly has discharged its duty to warn in its warnings to the prescribing physician.

## SIXTH DEFENSE

To the extent that Plaintiffs assert claims based on Lilly's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SEVENTH DEFENSE

Plaintiffs have not sustained an ascertainable loss of property or money.

20

**EIGHTH DEFENSE**

Should Lilly be held liable to Plaintiffs, which liability is specifically denied, such liability is several, rather than joint, and should be prorated.  Lilly further pleads the benefits of Fla. Stat. §§ 768.31 and 768.81.

**NINTH DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Lilly or other manufacturer.

**TENTH DEFENSE**

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Lilly and over whom Lilly had not control and for whom Lilly may not be held accountable.

**ELEVENTH DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Cymbalta®.

**TWELFTH DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

**THIRTEENTH DEFENSE**

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not rely on any act, omission, or representation made by Lilly.

## FIFTEENTH DEFENSE

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Lilly's state and federal rights.

## SIXTEENTH DEFENSE

No act or omission of Lilly was willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## SEVENTEENTH DEFENSE

Plaintiffs have not suffered any actual injury or damages.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Lilly provided legally adequate "directions or warnings" as to the use of Cymbalta® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement of (Second) of Torts.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

217429 v1

**TWENTY-SECOND DEFENSE**

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Cymbalta®.  Plaintiffs' causes of action are barred in whole or in part by their failure to assert a safer design for Cymbalta.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because Lilly's conduct conforms with medical knowledge.

**TWENTY-FIFTH DEFENSE**

With respect to each and every cause of action, Plaintiffs are not entitled to recover for strict liability because Plaintiffs cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiffs' claims to a negligence cause of action.

**TWENTY-SIXTH DEFENSE**

With respect to each and every cause of action, Plaintiffs are not entitled to recover because if the product involved was unsafe, which Lilly denies, then it was unavoidably unsafe as defined in the Restatement of Torts.  The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

**TWENTY-SEVENTH DEFENSE**

Lilly's advertisement and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Florida Constitutions.

**TWENTY-EIGHTH DEFENSE**

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken

23

by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiffs' claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

## TWENTY-NINTH DEFENSE

Lilly made no warranties of any kind, express or implied, including any alleged implied warranty of merchantability or any representations of any nature whatsoever to the Plaintiffs.

## THIRTIETH DEFENSE

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Lilly in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

## THIRTY-FIRST DEFENSE

With respect to each and every purported cause of action, the acts of Lilly were at all times done in good faith and without malice.

## THIRTY-SECOND DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Lilly knew or should have known and which gave rise to a duty to warn, Lilly at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims against Lilly are barred because Plaintiff's treating physicians fully informed Plaintiff of the risks associated with the use of Cymbalta. Any informed consent and/or release given by Plaintiff is pleaded as an affirmative defense.

217429 v1

### THIRTY-FOURTH DEFENSE

To the extent Plaintiffs' claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to <u>Buckman Co. v. Plaintiffs' Legal Committee</u>, 531 U.S. 341 (2000).

### THIRTY-FIFTH DEFENSE

Plaintiffs' damages claims are barred by the economic loss doctrine.

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims of fraud are barred by reason of the Complaint's failure to allege the factual circumstances constituting the alleged fraud with particularity.

### THIRTY-SEVENTH DEFENSE

Lilly fully asserts the benefits of Fla. Stat. § 768.1256 and states that Cymbalta® complied with mandatory safety standards or regulations adopted and promulgated by the federal government that were applicable to the product at the time of manufacture and that governed the product risk that allegedly caused harm.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' claims may be barred by failure to join indispensable parties.

### THIRTY-NINTH DEFENSE

Any claims relating to alleged communications with regulatory agencies of the U.S. government are barred in whole or in part by operation of Lilly's First Amendment right to petition the government (the *Noerr-Pennington* Doctrine).

### FORTIETH DEFENSE

To the extent Plaintiffs assert demand for punitive damages, Lilly specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *BMW of No. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Exxon*

*Shipping Co. v. Baker*, No. 07-219, 2008 U.S. LEXIS 5263 (U.S. June 25, 2008) and their progeny as well as other similar cases under both federal and state law.

## FORTY-FIRST DEFENSE

Any claim for punitive damages is limited by Fla. Stat. § 768.725 which requires proof by clear and convincing evidence of entitlement to punitive damages.

## FORTY-SECOND DEFENSE

To the extent that Plaintiffs assert a claim for punitive damages, that claim is in contravention of the rights of Lilly under the following constitutional provisions:

a.   Plaintiffs' claim for punitive damages violates, and is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and the analogous provisions of the Florida Constitution, on grounds including the following:

   i.   the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the Florida Constitution;

   ii.   the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the Florida Constitution;

   iii.   the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal

Protection Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the Florida Constitution;

iv.  the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution, and the analogous provisions of the Florida Constitution;

v.  the award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law; and

vi.  the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## FORTY-THIRD DEFENSE

Any claim for punitive damages is limited by Fla. Stat. § 768.73 to three times the amount of compensatory damages awarded to each claimant or $500,000.00, whichever is greater.  Lilly asserts all other defenses and limitations on punitive damages contained in Fla. Stat. § 768.73.

## FORTY-FOURTH DEFENSE

The determination of the amount of punitive damages, if any, should be bifurcated from the remaining issues pursuant to *W.R. Grace & Co.–Conn. v. Waters*, 638 So. 2d 502, 506 (Fla. 1994)

## FORTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Cymbalta® was designed, manufactured, distributed, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.  Lilly invokes Fla. Stat. § 768.1257 and all state of the art defenses applicable to Plaintiffs' claims, including the state of the art applicable to the industry in

question, medicine, medical science, and all others, alleging that it discharged, according to law and due care, each and every duty which Plaintiffs may have been owed.

## FORTY-SIXTH DEFENSE

Should Lilly be held liable to Plaintiffs, which liability is specifically denied, Lilly would be entitled to a set off for the total of all amounts paid to Plaintiffs from all collateral sources. Lilly further pleads the benefits of Fla. Stat. § 768.76.

## FORTY-SEVENTH DEFENSE

Pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), *Allied-Signal, Inc. v. Fox*, 623 So. 2d 1180 (Fla. 1993), and *Messmer v. Teachers' Ins. Co*., 588 So. 2d 610 (Fla. 5th DCA 1991), any damages awarded to Plaintiffs are subject to apportionment by the jury of the total fault of all participants, including, but not limited to, any additional entities or persons revealed through discovery.  Lilly specifically reserves the right to amend this Answer to identify any such parties or non-parties and to have such parties or non-parties included on the verdict form pursuant to *Nash v. Wells Fargo Guard Servs., Inc*., 678 So. 2d 1262 (Fla. 1996).

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Lilly to determine all of its legal, contractual, and equitable rights, Lilly reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Lilly will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Lilly respectfully demands judgment dismissing the Complaint with prejudice and awarding Lilly its reasonable costs and disbursements, including reasonable attorneys' fees, together with such and other and further relief that the court may deem just and proper.

## JURY DEMAND

Lilly demands a trial by jury as to all issues triable.

DATED this 16th day of January, 2015.

Respectfully submitted,

28

217429 v1

/s/ Scott W. Anderson_____
Scott W. Anderson, Esq.
Florida Bar No. 738311
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa St., Suite 2900
Tampa, Florida 33602
T: 813.202.7100
F. 813.221.8837
sanderson@shb.com

*Attorney for Defendant Eli Lilly & Company*

29

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 16, 2015, a true and correct copy of the foregoing has been filed via the Court's CM/ECF case management system, which will serve a notice of electronic filing to all parties of record.

/s/ Scott W. Anderson_____
Attorney

30

217429 v1